## P. Brewer v. The State.

### *No. 6846.   Decided June 7.*

1. **Malicious Mischief—Evidence.**—On his trial for wilfully and wantonly wounding a hog, the accused, having adduced evidence which tended to show that he shot the hog in his field while trespassing on his crop, proposed to prove that his fence was a lawful fence, and that the stock or hog law prevailed in the territory within which his said field was situated, and that under the said law a lawful fence was not required to be a hog proof fence. *Held*, that the proposed evidence was admissible to rebut the wilfulness and wantonness of the act, and its exclusion was error.

2. **Same—Charge of the Court.**—This prosecution was maintained under article 680 of the Penal Code. The evidence raised the issue whether the animal was wounded in the defendant's enclosure, which enclosure was surrounded by an insufficient fence. Under such proof the court should have instructed the jury that if they so believed, the offense would be punishable under article 685 of the Penal Code, and that conviction could not be had under article 680.

Appeal from the County Court of Stephens. Tried below before Hon. D. W. Hullum, County Judge.

The opinion sufficiently states the case. The penalty assessed by the verdict was a fine of $5.

*W. Veale & Son* and *W. P. Sebastian,* for appellant.

*W. L. Davidson,* Assistant Attorney-General, for the State.

White, Presiding Judge.—Appellant was convicted under article 680 of the Penal Code of wilfully and wantonly wounding a hog.

Defendant proposed to prove, in connection with his other testimony, which went to show that the hog was shot by him in his field and while trespassing upon his crop: 1. That his fence was a lawful fence. 2. That

what was known as "the stock or hog law" prevailed legally in the locality including his farm and premises, and that under said law it was not required, in order to make a fence lawful, that it should be sufficient to keep out hogs, etc.

On objection by the State this evidence was held inadmissible and was excluded by the court, and defendant saved his bill of exceptions.

The evidence was admissible as tending to rebut the wilfulness and wantonness of the act.    Willson's Crim. Stats., sec. 1169.

Again, upon the evidence as adduced the issue was clearly raised as to whether or not the animal was wounded in defendant's enclosure, which enclosure was surrounded by an insufficient fence, and in such case the court should have instructed the jury that if they so believed, the offense would be punishable under article 685 of the Penal Code, and that a conviction could not be had upon the indictment charging the offense denounced by article 680.    Payne v. The State, 17 Texas Ct. App., 40; McRay v. The State, 18 Texas Ct. App., 331.

Judgment is reversed and cause remanded.

*Reversed and remanded.*

Judges all present and concurring.